*Orphans' Court, Dauphin County, March 17th, 1862.*

IN THE MATTER OF ROBINSON'S ESTATE.

A trustee cannot be charged with interest upon the interest of the trust fund remaining in his hands, when it was not called for or demanded. The profits of the sale of part of the trust property may be treated as interest, instead of adding it to the principal.

BY THE COURT.—Several exceptions have been filed to the report of the auditor, stating the trust account of the moneys held by Henry P. Robinson for the use of Catherine Barrett, a few of which only present any difficulty. The first is to the manner in which interest is charged. It appears that the trustee often had in his hands a larger amount of interest than was paid over annually to the *cestui que trust.* There is nothing to show that it was ever called for or demanded. Yet it is contended that the trustee must pay interest on the surplus; that rests should be made annually or oftener. At one time the doctrine of annual rests was recognized by the courts of Pennsylvania in almost all cases of trust; it may be considered as entirely exploded by the later decisions and is never allowed now, except where it can be shown that the trustee made interest on the interest, that he withheld the money when it was called for, or that the term of the trust required it to accumulate and be reinvested. There may possibly be other cases, but they are special exceptions to the general rule. Where a trustee may be called on for interest at any time, and must always have it ready, compound interest can never be demanded, even if the trustee has himself used the fund in his business. There is nothing shown in the present case to justify a charge of interest upon interest. The exception is therefore overruled. The compensation of the trustee is also objected to; but we agree with the auditor, who heard the whole case, that the charge of $300 for some eleven years' care of a fund amounting to $7000 is not too much, especially where, as here, he purchased and sold one house, and again bought another. Those matters are attended with care and responsibility; as is also the investment of the money, and the receipt and disbursement of the interest. Had the charge of $100 been made, as was suggested in the argument, as compensation for defending the account as stated, it would be disallowed; but as we understand from the auditor, it was for stating the account. The only objection which could properly be urged to the charge is, that the account was so badly stated as to require to be done over again by the auditor; but as he has reported that the accountant must pay the expenses of the audit, that will, in part at least, counteract the error. Even the most competent and skilful counsel will sometimes fall into errors in favor of their clients. It is complained that the auditors treated the $500 made on the sale

[In the Matter of Horter's Estate.]

of the first house purchased as interest, instead of adding it to the principal to bear interest in future. And this exception on first thought appears plausible; but when we take into consideration that it was no part of the trust fund required to be retained, but could be demanded by the *cestui que trust* as her own money at any time, the objection vanishes. It was an accretion growing out of the trust property, but did not become part of it. The trustee would not be entitled to it himself, as it was made by a sale of Mrs. Barrett's house, bought with her money, and for her use. Therefore, she was entitled to it the same as to interest, and the trustee must have it ready for her at all times. In fact, it is fair to presume that she received it, as her receipts during that year amount to about $800, nearly $500 more than she received in any other year. It is very true that she had these arrears of interest due her, perhaps equal to that sum; but this is the only year down to that time when she overdrew the annual interest. It is to be presumed that it was drawing out the $500 profit made on the sale.

The last objection to be considered is that for a time no interest was computed on the $2500 of bank stock assigned to Mrs. Barrett; and it is said that she did not draw the dividends. She was clearly entitled to all dividends made on the stock from the moment it was assigned. If a portion had been previously drawn by the trustee, and the stock was accepted as so much cash, dividends off, it is fair to suppose, in the absence of any evidence, that the stock was worth more than *par*. Mrs. Barrett was not bound to receive it as part of her fund, and there is no proof made before the auditor that Mr. Robinson received any part of the dividends, or whether it was worth more or less than what the face of the stock called for. On the whole, we believe that the account has been fairly settled by the auditor, on sound legal principle; none of the exceptions are sustained, and the account as stated, together with his decisions as to the expenses of the audit, is sustained.